IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| James Leroy Wright, )<br>    Petitioner, )<br> )<br>v. )<br> )<br>Wedall W. Pixley, )<br>    Respondent. ) | 1:13cv100 (LMB/JFA) |

MEMORANDUM ORDER AND OPINION

James Leroy Wright, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Virginia Parole Board's ("VPB") calculation of his good time credits. By Order dated January 28, 2013, petitioner was directed to submit the filing fee required by 28 U.S.C. § 1914(a) or an application to proceed in forma pauperis, and to either contest the applicable one year statute of limitations or establish that he was entitled to equitable tolling. Petitioner paid the filing fee and submitted an affidavit concerning the statute of limitations on February 22, 2013. Because the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented and petitioner has failed to establish that he is entitled to equitable tolling, the petition will be dismissed.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). In the instant case, VPB notified petitioner that it had decided to revoke

his parole on October 30, 2011.[1] Therefore, petitioner discovered the factual predicate of the claim on that date.

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On August 20, 2012, petitioner filed a state habeas petition in the Supreme Court of Virginia, which refused and dismissed the petition on September 26, 2012. Petitioner filed the instant petition on January 14, 2013.[2]

Between October 30, 2011, the date petitioner discovered the factual predicate of the claim, and August 20, 2012, the date petitioner filed his state habeas petition, 293 days passed. Between September 26, 2012, the date petitioner's state habeas petition became final, and January 14, 2013, the date petitioner filed his federal petition, an additional 108 days passed. When these days are combined, they establish that the instant petition was filed 31 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

---

[1] Documents that petitioner attached to the petition show that VPB revoked petitioner's parole on September 30, 2011; therefore, the Court used that date to determine whether the petition was timely in the January 28, 2013 Order. In his response to that Order, petitioner includes the envelope in which he received the notice from VPB and points out that the notice was not mailed until October 21, 2011. He states in a sworn affidavit that his counselor did not notify him of VPB's decision until October 30, 2011. Thus, the October 30, 2011 date is used to calculate timeliness here.

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner avers that he placed his petition in the prison mailing system on January 14, 2013. The Court received the petition on January 22, 2013.

2

In his response to the January 28, 2013 Order, petitioner argues that he is entitled to equitable tolling of the limitations period because he could not access the law library during a one-week period in November 2011, a one-week period in June 2012, and two days in December 2012. He also states that three of his requests to access the law library were ignored by staff.[3]

The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328–29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes . . . . We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

---

[3] Petitioner also argues that the Court's calculation regarding the timeliness of the petition was incorrect since it calculated from September 30, 2011, the date VPB revoked his parole; however, the petition is still untimely when the statute of limitations is calculated from October 30, 2011, the date petitioner avers he learned of the predicate of his claim.

3

In this case, petitioner's arguments that he was prevented from using the law library during periodic institutional lockdowns and that some of his requests to use the library were ignored are insufficient to demonstrate entitlement to equitable tolling of the limitations period. Courts are in universal agreement that limited access to a prison law library does not establish extraordinary circumstances warranting equitable tolling of the limitations period. See, e.g., Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (holding that limitations on access to the law library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (60-day segregation without access to law library, even coupled with reliance on a service that falsely promised to prepare and file petitioner's habeas application, did not justify equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.), cert. denied, 531 U.S. 1035 (2000); Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances.").

That principle is especially apt here, since petitioner offers no explanation why his habeas application could not have been prepared in a timely manner during the periods of time when his institution was not on lockdown status. See Stillman v. LaMarque, 319 F.3d 119, 1202 (9th Cir. 2003) (where petitioner showed only that his access to the law library was restricted at various times, but failed to meet his burden of establishing that the limited access made timely filing impossible, equitable tolling was not warranted). Therefore, petitioner has failed to establish entitlement to equitable tolling, and this petition will be dismissed as time-barred.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE as barred by the statute of limitations.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 25th day of April 2013.

/s/ 
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia